UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDYN ANTONIO GOMEZ OBANDO (A-240-193-579),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-00366 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Edyn Antonio Gomez Obando (A-240-193-579), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment (claim one), and as a member of Maldonado Bautista, petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a) (claim two). (Id. at 23-24.) On January 22, 2026, the district court granted petitioner's motion for injunctive relief and ordered his release from detention. For the following reasons, this Court recommends that the petition be granted on claim one.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. FACTUAL BACKGROUND [1]

Petitioner is a native and citizen of Nicaragua. (ECF No. 2-3 at 4.) On January 30, 2022, petitioner attempted to enter the United States and was apprehended. (ECF No. 1 at 5.) Petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 1 at 11.) In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.) Petitioner was released on his own recognizance. (Id. at 5.) Thereafter, petitioner applied for asylum. (Id. at 6.)

On or about March 10, 2026, petitioner was re-detained by immigration authorities. (ECF No. 1 at 1.) Petitioner was not provided a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 2.) Petitioner twice sought custody review before immigration judges, but both requests were denied on jurisdictional grounds. (Id.)

Petitioner was employed as a security guard in the City of Oakland, and has no

---

1 Petitioner filed a verified habeas petition. (ECF No. 1 at 26.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

2 Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

disqualifying criminal convictions. (Id. at 6, 11.)

Respondents do not contest petitioner's factual allegations. (See ECF No. 12.)

## III. PROCEDURAL BACKGROUND

On January 16, 2026, petitioner filed his petition for writ of habeas corpus and a motion for temporary restraining order. (ECF Nos. 1, 2.) On January 22, 2026, the district court granted petitioner's motion for injunctive relief, ordered his release from detention, and enjoined and restrained petitioner's re-detention absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator. (ECF No. 8.) On July 30, 2026, respondents timely filed a response to the petition. (ECF No. 12.) On August 31, 2026, petitioner filed a reply. (ECF No. 12.) Briefing is complete.

## IV. DISCUSSION

On January 16, 2026, the district court ordered respondents to file a written opposition to the motion for temporary restraining order, and to substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025). (ECF No. 4.) On January 19, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 7.) In the opposition, respondents argued that "the detention authority in this case is lawful under the Constitution and applicable provisions of the Immigration and Nationality Act," but also acknowledged that respondents had no legal arguments to distinguish this case from the district court's prior orders, and could not identify material factual differences between this case and the case identified in the district court's order to show cause. (Id. at 1.)

On January 22, 2026, the district court found analogous and persuasive its prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the district court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in their continued release, and O.A.C.S. v. Wofford, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).

(ECF No. 8.) The district court found that as in Ayala Cajina and O.A.C.S., petitioner previously encountered immigration authorities, was detained by those authorities, and was later released "on his own recognizance." (Id. (citing ECF No. 1 at 14-15).) The district court then converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction, granted the injunction, and ordered petitioner's immediate release. (ECF No. 8.)

A. The Petition Is Not Moot

On July 30, 2026, respondents filed a response arguing that the petition is now moot in light of petitioner's release from detention because petitioner had obtained all the relief sought in the petition. (ECF No. 12 at 1-2 (citing Abdala v. Immigration & Naturalization Serv., 488 F.3d 1061, 1064 (9th Cir. 2007)).) Petitioner disagrees, arguing that "[a] habeas petition is not rendered moot where preliminary relief has not been made permanent or otherwise reduced to final judgment." (ECF No. 13 at 1 (citing Cruz v. Lyons, No. 5:25-CV-02879-MCSMBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025).) This Court agrees with petitioner. "A habeas petition is not moot where preliminary relief is not made permanent." Cruz, 2025 WL 3443146, at *2 (citing Nielsen v. Preap, 586 U.S. 392, 403, (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention"). Respondents' reliance on Abdala is unavailing because petitioner may be re-detained at any time, which constitutes a live interest in habeas relief. See Rodriguez v. Hayes, 591 F.3d 1105, 1117 (9th Cir. 2010) (ICE's release of petitioner did not moot habeas petition where there was "no meaningful substantive limit" on ICE's ability to re-detain him); Clark v. Martinez, 543 U.S. 371, 376 n.3 (2005) (petitioner's unlawful detention claim continued to involve a "live case or controversy" because his release could be revoked at ICE's discretion).

B. The Habeas Petition Should Be Granted

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected the government's position that § 1225(b) governed such noncitizens' claims, concluding that

noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him without a predeprivation hearing (claim one). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 8; Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC); O.A.C.S. v. Wofford, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025).

Because petitioner's due process claim provides petitioner adequate relief, this Court need not address petitioner's claim based on Maldonado Bautista (claim two). See Herredia Gurrola v. Cruz, 2026 WL 494478, at *6 (E.D. Cal. Feb. 23, 2026) (declining to decide Maldonado Bautista claim and addressing statutory claim); see also De La Paz Salazar v. Noem, 2026 WL 496956, at *5 (E.D. Cal. Feb. 23, 2026) (noting that "the court in Maldonado Bautista explicitly clarified that it could not issue injunctive relief to class members ordering their immediate release or entitlement to a bond hearing").

Therefore, this Court recommends that the petition be granted on due process grounds (claim one), and a permanent injunction should be issued.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.
2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Edyn Antonio Gomez Obando (A-240-193-579) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gome0366.157.2241.imm.gr